UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEO CONO,<br><br>                  Plaintiff,<br>v.<br>REGINA RICHARDS, *et al*.,<br><br>                  Defendants. | Case No. 2:18-cv-01845-RFB-GWF<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed September 21, 2018.

### **BACKGROUND**

Plaintiff brings this action alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), pursuant to 18 U.S.C.§ 1958, §1959, §1961, §1962, §1963, §1964, et seq. Plaintiff names 119 defendants for events seemingly related to the denial of unemployment insurance in New Jersey, denial of rights in California and New York, and various other criminal violations. Plaintiff's complaint is void of the specific relief requested.

### **DISCUSSION**

**I.    Application to Proceed *In Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. §1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. §1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

. . .

. . .

1

## II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. §1915(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F. 2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See *Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a *pro se* litigant. *Eldridge v. Block*, 832 F. 2d 1132, 1137 (9th Cir. 2007). However, liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F. 3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F. 2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F. 3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual

allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1947 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21) (1972) (per curium).

### III. Instant Complaint

#### A. Nevada Defendants

Plaintiff asserts claims against numerous Nevada residents, including private citizens and governmental entities ("Nevada Defendants").[1] Plaintiff's complaint consists of various arguments surrounding RICO claims and a list of documents which purports to be evidence of Nevada Defendants conspiring against him. Plaintiff's complaint is incoherent and frivolous. The complaint fails to provide dates or factual allegations as to how the Nevada Defendants have allegedly violated his rights. As a result, the Court will dismiss Plaintiff's claims against all Nevada Defendants without prejudice. Plaintiff may attempt to amend his complaint to allege viable claims against these defendants.

#### B. Jurisdiction over Nonresident Defendants

As noted above, Plaintiff's complaint rest, in part, on actions allegedly taken by governmental entities and their employees who reside outside of Nevada, i.e., in California, New Jersey and New York. The Court finds that Plaintiff has failed to state a claim for which relief can be granted because the Court lacks personal jurisdiction and venue over the persons or entities to be sued, as detailed herein. Plaintiff asserts claims against employees of the Bergen County New Jersey Unemployment Insurance Office, the State of New Jersey Department of Labor, New Jersey Unemployment Insurance Appeal Tribunal, Mr. Bailey of the New Jersey Department of Labor, New Jersey Fraud Reporting and Embezzling Reporting Department, Employees, Maria, Cindy and Ron Marino of the Trenton, New Jersey Department of Labor,

---

[1] These include: Myna Cox, State of Nevada EBT, Kelly Cantrelle, State of Nevada Welfare, Steve Kisher, Kelly O'Meara, Kerry Hutchings, Shawna Quemada, Tiffany Evans, Naomi Lewis, Sandy Tete, Mary Catholic Charities, Sharon Jasper, A. Malone, Clark County Welfare and Social Services, Nevada EBT Food Stamps, Las Vegas Rescue Mission Homeless Facilities, Luis – USPS General Delivery, U.S District Courts – District of Nevada, Gloria Navarro – Chief Judge of U.S. Courts District of Nevada.

3

New Jersey Department of Child Protection, The New Jersey Department of Children and Families, New Jersey Department of Child Support, Judge Judy Mizdol of State of New Jersey Bergen County, New Jersey Records and Coroners Offices, Employees, Aida Rodriguez and Hilda Rodriguez from the State of California General Welfare Office, General Relief State of California, State of New York Department of Labor – Unemployment Insurance, State of New York Department of Labor Information Technology Department, Employee Robert Reardon – State of New York Unemployment Department of Labor, New York Unemployment Claim Advocate, New Jersey Unemployment Insurance Appeals, New York New Jersey Unemployment Insurance Appeals, California Unemployment Insurance Appeals, California General Relief Appeals, California General Relief Fraud/ Embezzlement Reporting, California EBT/Food Stamps Fraud/ Embezzlement Reporting, State of California Department of Labor, Employees Joyce Lee and Doris State of California Labor Unemployment Insurance Department, Employees, Keisha Pierson, Jillian Telerico, and Jahara State of New Jersey Child Protection Services, Kerry Bathe from Property Manager Avalon Huntington Beach, Coroner's office for the City of Santa Ana California, Public Defender Nina Patel and Keenan O'Connor Assistant Prosecutor in Orange County California, Federal Government Agency – Internal Revenue Services, Avalon Bay Communities in California, State of New York Marriage and Divorce Records Bureau for Westchester County, California Orange County Homeless Shelters, California Disability, California Optima Medical Insurance, Global Hospitals of Orange County California, Medical Clinics in Orange County California, CVS Pharmacies in Orange County California, Mission Hospital and Dr. Alexander Fan in Orange County California, U.S. Courts Central District – Southern Division in Santa Ana, California; U.S. Courts 9th Circuit Court of Appeals in San Francisco California, Judge James V. Selna in Santa Ana, California ("Nonresident Defendants"). The Court must therefore determine whether it has jurisdiction.

### 1. Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Summer*, 226 F. 3d 1005, 1009 (9th Cir. 2000). Limited jurisdiction means that federal courts (1) possess only that power

authorized by the Constitution or a specific federal statute and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits. See U.S. Const. art. III, § 2, cl. 1. Generally, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C § 1331; 28 U.S.C. § 1332.

Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a "claim for relief must contain ... a short plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The burden of proving jurisdiction rests on the party asserting jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp*. 298 U.S. 178, 182–83 (1936). Plaintiff alleges the grounds for subject matter jurisdiction under the basis of federal question because the Defendants allegedly "violated the RICO laws." The Court agrees and therefore finds it has subject matter jurisdiction over the Plaintiff's civil RICO claims.

## 2. Personal Jurisdiction

"For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, the defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *CollegeSource, Inc. v. Academeyone, Inc*., 653 F. 3d 1066, 1073 (9th Cir. 2011), citing *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Under *International Shoe*, personal jurisdiction over a defendant may be established by showing that it has such continuous and systematic contacts with the forum that it is generally subject to suit in the jurisdiction ("general jurisdiction"), or by showing that the defendant has sufficient minimum contacts with the forum arising out of, or relating to the transaction that is the subject matter of the litigation ("specific jurisdiction"). *CollegeSource*, 653 F. 3d at 1074-76.

A plaintiff must overcome a "fairly high" standard to establish general jurisdiction. *Brand v. Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir.1986). A defendant's contacts must "be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat. Inc*.,

223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Id.* Specific jurisdiction is analyzed under a three-prong test: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or a resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. *CollegeSource*, 653 F.3d at 1076. Plaintiff does not allege that any of the Nonresident Defendants are subject to general jurisdiction in Nevada. Nor does he argue that the Court has specific personal jurisdiction over the Nonresident Defendants.

### 3. Venue

The Court also may *sua sponte* raise the issue of venue where the defendant has not yet filed a responsive pleading and the time to do so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). The following factors govern proper venue for an action:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). If a matter does not adhere to any of § 1391's provisions, the matter may be subject to transfer or dismissal under 28 U.S.C. § 1406(a). The district court has discretion in determining whether to dismiss or transfer an action. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

Here, the Court finds that the proper forum for any Nonresident Defendant as listed above, is the state in which that entity or employee resides. Plaintiff does not allege that Nonresident

6

Defendants reside or are located in Nevada as required under § 1391(b)(1). In fact, all Nonresident Defendants are residents of California, New Jersey or New York. Second, Plaintiff does not establish that a substantial part of the events underlying his allegations occurred in Nevada as required under § 1391(b)(2)— all events occurred in California, New Jersey or New York. Finally, Plaintiff's claims do not invoke the venue provisions under § 1391(b)(3). Rather, Plaintiff's complaint alleges that the "District of Nevada Federal Court is the only appropriate venue in this matter because Plaintiff is a Las Vegas, Nevada resident." *Complaint* (ECF No. 1-1), 8. Plaintiff's claims should therefore be raised before the appropriate courts in California, New Jersey and New York. Moreover, even if the Court were inclined to find that venue was proper in this district, Plaintiff's complaint still suffers from the jurisdictional deficiencies discussed above.

Because Plaintiff fails to allege that this Court has personal jurisdiction over the Nonresident Defendants, or that this district is the proper venue for his complaint, the Court will recommend Plaintiff's complaint against all Nonresident Defendants be dismissed.

### C. Judicial and Prosecutorial Immunity

Federal prosecutors are entitled to absolute immunity from a civil rights action for damages when he or she performs a function that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Genzler v. Longanbach*, 410 F. 3d 630, 636 (9th Cir. 2005). Similarly, judges and those performing quasi-judicial functions are immune from damages for acts performed within their judicial capacities. *Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982); *see also Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (stating that "[j]udges . . . are absolutely immune from damage liability for acts performed in their official capacities"); *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("A seemingly impregnable fortress in American Jurisprudence is the absolute immunity of judges from civil liability for acts done by them within their judicial jurisdiction.").

Although the allegations remain unclear, Plaintiff asserts claims against Chief Judge Gloria Navarro for conduct undertaken in her official judicial capacity. As a result, the Court recommends dismissal of Plaintiff's claim against Chief Judge Navarro with prejudice for failure to state a claim upon which relief can be granted.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F. 2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend, in order to allege viable claims against the Nevada Defendants. Plaintiff shall have until **November 9, 2018**, to file an amended complaint correcting the noted deficiencies solely with respect to the Nevada Defendants.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against all Nonresident Defendants be **dismissed** for lack of personal jurisdiction and venue.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claim against the Honorable Chief Judge Gloria Navarro be **dismissed**, with prejudice for failure to state a claim upon which relief can be granted.

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 9th day of October, 2018.

*George Foley Jr.*

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE