# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

LEO CONO,

   Plaintiff,

v.

REGINA RICHARDS, *et al.*,

   Defendants.

Case No. 2:18-cv-01845-RFB-GWF

**ORDER**

   This matter is before the Court on Plaintiff's failure to comply with the Court's Order (ECF No. 13), filed on October 31, 2018 and Plaintiff's Motion for Freedom of Information Act Request ("FOIA") pursuant to 5 U.S.C. § 552(a)(3) and 28 C.F.R. § 16.3 (ECF No. 14) and Motion for Discovery and Inspection (ECF No. 15), filed November 14, 2018.

## **BACKGROUND**

   Plaintiff is proceeding in this action *pro se* and submitted his complaint on September 21, 2018. *See Complaint* (ECF No. 1-1). The Court issued a screening order (ECF No. 5) granting Plaintiff's request to proceed *in forma pauperis* and screened the complaint pursuant to 28 U.S.C. § 1915(e). The undersigned found that Plaintiff's complaint failed to state a valid claim for relief and dismissed his complaint without prejudice. The Court instructed Plaintiff to file his amended complaint, correcting the noted deficiencies, by November 9, 2018. *Order* (ECF No. 5). On October 29, 2018, the District Judge adopted the undersigned's Report and Recommendation. ECF No. 7. Subsequently, Plaintiff filed a Motion to Extend Time to Respond (ECF No. 9) and Motion to Extend Production of Exhibits (ECF No. 10).[1] In light of the District Judge's ruling on Plaintiff's Complaint, the Court denied both motions (ECF Nos. 9

---

[1] The District Judge accepted and adopted the undersigned's Report and Recommendation (ECF No. 5) on October 29, 2018. *See* (ECF No. 7). Plaintiff's motion to extend time (ECF No. 9) and motion to extend production (ECF No. 10) were also filed on October 29, 2019 but filed after to the District Judge's ruling.

1

and 10) as moot, and extended Plaintiff's deadline to file his amended complaint to December 10, 2018. ECF No. 13.

Plaintiff instead, filed several subsequent motions (ECF Nos. 14 and 15) which are the subject of this Order. To date, Plaintiff has failed to file an amended complaint.

**DISCUSSION**

FOIA "requires every [federal executive-branch] agency 'upon any request for records which . . . reasonably describes such records' to make such records 'promptly available to any person'." *Reporters Comm. For Freedom of Press,* 489 U.S. at 754. "Where a citizen has made a request for information under FOIA, and the agency has refused in whole or in part to produce responsive materials, the act authorizes the citizen to bring suit in federal court challenging the agency's refusal to disclose documents to the requester." *Nat. Resources Defense Council v. United States Dep't of Defense*, 388 F.Supp.2d 1086, 1094 (C.D.Cal.2005) (citing 5 U.S.C. § 552(a)(4)(B)). "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo'." *Reporters Comm. for Freedom of Press*, 489 U.S. at 755 (quoting 5 U.S.C. § 552(a)(4)(B)).

To state a claim under FOIA, a plaintiff must allege that: (1) he made a written request for the records, 5 U.S.C. § 552(a)(3)(A), (2) the requested records were created or obtained by a federal agency, and (3) the agency denied the request and any subsequent administrative appeal, or failed to comply by providing the agency records within the twenty-day statutory time period. *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986); 5 U.S.C. § 552(a)(6)(C). The twenty-day time period begins to run upon the agency's receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

Here however, Plaintiff's FOIA request and motion for discovery and inspection are unintelligible. Plaintiff not only fails to indicate what records he has requested and from what agency, but the motions are duplicative and merely a recitation of the Court docket. Furthermore, there is no operative complaint in this matter because the Court dismissed Plaintiff's complaint and instructed that he file an amended complaint. *See Orders*, (ECF Nos. 5

and 13). Therefore, the Court denies, without prejudice, Plaintiff's FOIA request and motion for discovery and inspection.

Plaintiff is advised that litigation has not commenced due to his failure to file an amended complaint. The Court will grant Plaintiff another opportunity to file an amended complaint correcting the noted deficiencies in the screening order. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant, must be sufficiently alleged. However, Plaintiff may not reallege claims against any defendants that have been dismissed *with prejudice*. Plaintiff is further advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to comply with this Order and file an amended complaint or fails to cure the deficiencies identified above, the Court may order sanctions including a recommendation to the District Judge that this case be dismissed. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have until **March 8, 2019** to file an amended complaint correcting the deficiencies noted in the Court's Screening Order (ECF No. 5).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Freedom of Information Act Request ("FOIA") pursuant to 5 U.S.C. § 552(a)(3) and 28 C.F.R. § 16.3 (ECF No. 14) and Motion for Discovery and Inspection (ECF No. 15) are **denied**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail Plaintiff a copy of this Order and the Court's Orders (ECF Nos. 5 and 13).

Dated this 7th day of February, 2019.

_George Foley Jr._
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE